## MINNESOTA TRANSFER RY. CO. v. FIELD.

(Circuit Court of Appeals, Eighth Circuit. November 13, 1899.)

No. 1,204.

NEGLIGENCE—ACTION FOR PERSONAL INJURY—QUESTIONS FOR JURY.

Where defendant, a transfer railroad company, maintained stock yards, transfer tracks, and an office, to which shippers were obliged to go on their arrival with stock, and plaintiff, arriving with stock in the night, in attempting to find his way into the office, outside of which no light was kept, stepped through an open door of the building, and fell into a cellar, receiving injuries, the questions of defendant's negligence and plaintiff's contributory negligence were questions of fact for the jury.

In Error to the Circuit Court of the United States for the District of Minnesota.

The Minnesota Transfer Railway Company, plaintiff in error and defendant below, owns and operates a railway transfer yard and stock yard, consisting of many railroad tracks, stock yards, sheds, and various buildings, among which is a freight house and general office in the same building, with a platform extending along its side, from which it is entered. The yard office is across the tracks from the freight office. Jacob A. Field, the defendant in error and plaintiff below, was a stock raiser and shipper in North Dakota, and reached the defendant's yards with three cars of stock about 4 o'clock in the morning, December 11, 1896. His stock was billed to the defendant's yards to be fed, and the bill of lading had to be changed there. This made it necessary for him to visit both the general and the yard office. When he left the cars to go to the yard office, it was dark. He had never been at that office, and the directions he received led him to the building containing the freight and general offices. The platform of this building was not lighted. The large globe lamp which customarily lighted it, and which should have been burning on this occasion, was not lighted. He proceeded along this platform in front of this building, seeking for an entrance to the office. Through two windows he saw a dim light, which he supposed was in the yard office, and, going to a door "that was opened about a couple of feet," he stepped in, with a view of going to the lighted office, and was precipitated into a cellar, and received the injuries for which this action was brought. He recovered a judgment in the circuit court, and the defendant sued out this writ of error.

F. W. Root (W. H. Norris, on the brief), for plaintiff in error.
F. D. Larrabee, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It has been well said that the science of jurisprudence is not advanced by the discussion of mere questions of fact. In this case there was no exception taken to the charge of the court, which was clear and fair. The only error assigned which we can notice is that the circuit court erred in not instructing the jury peremptorily to return a verdict for the defendant upon the ground that the evidence showed the defendant was not guilty of negligence, and that the plaintiff was. Stock trains were arriving at the defendant's yard at all hours of the day and night. The owners and others in charge of stock had occasion, as soon as the trains carrying their stock arrived at the defendant's yards, either in the day or night, to visit the yard and the general office on business con-

nected with their stock. That is what the plaintiff was attempting to do when he received his injury. Under such conditions, the jury found the defendant was guilty of negligence in not lighting its platform in front of its general office, and in leaving a door on this platform, which apparently led into the building, but which in fact led to a cellar, open and unlighted, and without a guard of any kind. And they further found that the plaintiff, who had no knowledge that this open door led into a cellar, but supposed it led into the building, was not guilty of contributory negligence in stepping into the open doorway, in the confidence that it led into, or would open the way to, the office he was seeking, and which he had a right to enter. It appeared in evidence that the door in question was of a different pattern from the other doors, and was smaller and had a different fastening; and the contention, in substance, is that the plaintiff should have in some way ascertained these differences, and that when he had discovered them he would have had his suspicions aroused that that was not the main or proper entrance to the building. The jury found that ordinary care and caution on the part of the plaintiff did not require him, before entering this door, to get a light and examine its construction, size, and fastenings, and compare them with the other doors in the building, or to make such an examination in the dark. Every question in the case was a question of fact for the jury. Questions of negligence are questions for the jury. The learned trial judge rightly refused to take the case from the jury or grant a new trial. It is unnecessary to cite authorities in so plain a case, but we refer to Low v. Railway Co., 72 Me. 313; Bronson v. Oakes, 22 C. C. A. 520, 76 Fed. 734. The judgment of the circuit court is affirmed.